## LEMUEL CUSHING *vs.* EBENEZER KENFIELD & another.

Under an agreed statement of facts, no question as to the form of action can be raised at the argument in this court, unless the right to raise such question is specially reserved.

The owner of the reversion of a house and land which are under a demise may maintain an action to recover damages for breaking and entering the same and removing a blind and breaking a pane of glass in a window.

TORT for breaking and entering the plaintiff's close in Boston, consisting of a dwelling-house and appurtenances.

It was agreed in the superior court that the plaintiff owned the premises, which at the time of the acts complained of were occupied by a tenant at will to him; and the defendant, Ebenezer Kenfield, claiming to hold a mortgage from the tenant, of personal property which was in the house, with the other defendant as an assistant, went upon the premises, and, the door being fastened, took off a blind from one of the windows, broke a pane of glass, reached in and unfastened the window, raised it, and went in. If on these facts the action could be maintained, it was agreed that nominal damages only should be recovered

Judgment was accordingly ordered for the plaintiff, and the defendants appealed to this court.

*N. B. Bryant & A. K. P. Joy*, for the plaintiff.

*A. G. Burke*, for the defendants.

BIGELOW, C. J.    The objection to the form of the action cannot now avail the defendants.    Having entered into an agreement by which they have submitted the case to the judgment of the court on the facts stated, without reserving the right to take any objection to the pleadings, they are precluded from raising any question concerning the form of the action.    On a statement of facts thus drawn, the only question open is, whether the plaintiff can recover in any form of action.    *Ellsworth* v. *Brewer*, 11 Pick. 316.    *Kimball* v. *Preston*, 2 Gray, 567.    On that question there can be no doubt.    The acts done by the defendant were of a nature to work a permanent injury to the estate, and the owner of the reversion may well maintain an action to recover compensation therefor, notwithstanding the fact that the premises were under a demise at the time the tortious acts were committed.    1 Chit. Pl. (6th Amer. ed.) 72, 160.

*Judgment for the plaintiff.*